## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA WOODWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN C. BONEWICZ, P.C., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, MARIA WOODWARD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, JOHN C. BONEWICZ, P.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MARIA WOODWARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Prospect Heights, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Money (hereinafter "GE").

6. The debt that Plaintiff allegedly owed GE was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. JOHN C. BONEWICZ, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about March 3, 2011, Defendant initiated a telephone call to one of Plaintiff's sons.

15. Plaintiff did not live with her son as aforementioned.

16. During the course of the aforesaid telephone call between Defendant and Plaintiff's son, Defendant requested to speak to Plaintiff.

17. At no time during the course of the aforementioned telephone call did Defendant state that it was calling to confirm or correct location information for Plaintiff.

18. Plaintiff's son informed Plaintiff of the aforementioned telephone call.

19. Subsequent to the aforementioned telephone call, on or about March 3, 2011, another one of Plaintiff's sons initiated a telephone call to Defendant.

20. During the course of the aforementioned telephone call, Plaintiff informed Defendant that it could speak to her son, who was a party to the telephone call, relative to the debt on which Defendant was attempting to collect.

21. The aforementioned telephone call was Defendant's initial communication with Plaintiff.

22. During the aforesaid telephone call, Defendant stated that Plaintiff owed a debt to GE.

23. Defendant stated that Plaintiff was required to contact Defendant within forty-eight (48) hours to pay in full the debt on which it was attempting to collect.

24. Defendant further stated that when Plaintiff contacted Defendant that she had to provide Defendant with a post-dated check so that she could pay in full the debt on which Defendant was attempting to collect.

25. Defendant then stated that Plaintiff had to provide Defendant with post-dated checks within the aforesaid time frame to prevent the matter from proceeding to court.

26. Defendant's representation that Plaintiff was required to pay the debt within forty-eight (48) hours was false, deceptive and/or misleading given that the Fair Debt Collection Practices Act provided Plaintiff with thirty days from Defendant's initial communication with Plaintiff within which Plaintiff could dispute the debt she allegedly owed.

27. Defendant's representation that Plaintiff was required to pay the debt within forty-eight (48) hours to prevent the matter from proceeding to court had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay Defendant by the aforementioned time period then Defendant would file a lawsuit against Plaintiff.

28. Plaintiff was nearby her son during the course of the aforementioned telephone call.

29. Plaintiff's son informed Plaintiff of the contents of the aforementioned telephone call.

30. Subsequent to the aforementioned telephone call, Plaintiff did not make a payment to Defendant relative to the debt on which Defendant was attempting to collect.

31. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

32. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

33. In its attempts to collect the debt allegedly owed by Plaintiff to GE, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information

    concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

  b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARIA WOODWARD, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

                Respectfully submitted,
                **MARIA WOODWARD**


            By:  s/ David M. Marco
               Attorney for Plaintiff

Dated: July 9, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithlaw.us